Cross, J. Hill brought suit before a justice of the peace, and the judgment being against him, appealed to the circuit court. The paper purporting to be a transcript of the proceedings and judgment rendered in the cause was neither signed or certified by the justice officially or otherwise. Watts did not appear and the circuit - court rendered judgment by default against him. When an appeal is taken from the judgment of a justice of the peace, it is made the duty of such justice on or before the first day of the circuit court next thereafter to “file in the office of the clerk of such court a transcript of all the entries made in his docket, relating to such suit.” Rev. Stat. p. 516, sec. 176. The filing contemplated must surely be such as to give credence to the transcript, process and papers ; and without the certificate of the justice before whom the proceedings were had, that such transcript embraces “all the entries made in his docket relating to the cause,” or some other form of authentication, the circuit court cannot judicially know of the existence of the appeal. In the case before us there having been no certificate of the justice or other evidence of authenticity, the proceedings in the circuit court were coram non judice, and therefore void. The subsequent authentication, although made under an order of the circuit court cannot supply the deficiency so as to give validity to the judgment. Sec. 178, p. 516 of Rev. Stat. provides that “ upon an appeal being made and allowed, the circuit court may by rule and attachment compel a return by the justice of his proceedings in the suit,” &c. There having been no return by the justice of which any notice could be taken after the appeal was made, the remedy thus provided should have been resorted to by the appellant. This was not done. Let the judgment of the circuit court be reversed.